# UNITED STATES v. PRICE.

No. 48. Argued December 9, 1959.—Decided January 18, 1960.

*Howard A. Heffron* argued the cause for the United States. On the brief were *Solicitor General Rankin, Assistant Attorney General Rice, A. F. Prescott* and *George F. Lynch.*

*W. Lee McLane, Jr.* argued the cause and filed a brief for respondent.

MR. JUSTICE HARLAN delivered the opinion of the Court.

The United States brought this action against the respondent taxpayer for the collection of a deficiency in taxes for the year 1946, and statutory interest thereon. The respondent defended on the ground that the action could not be maintained because the Commissioner of Internal Revenue had never issued to the taxpayer a notice of deficiency (commonly known as a "90-day letter") for the amount in question. This defense was based on § 272 (a)(1) of the Internal Revenue Code of 1939, 53

Stat. 82, as amended, providing in pertinent part as follows:

"If in the case of any taxpayer, the Commissioner determines that there is a deficiency in respect of the tax imposed by this chapter, the Commissioner is authorized to send notice of such deficiency to the taxpayer by registered mail. Within ninety days after such notice is mailed . . . the taxpayer may file a petition with the Tax Court of the United States for a redetermination of the deficiency. No assessment of a deficiency in respect of the tax imposed by this chapter and no distraint or proceeding in court for its collection shall be made, begun, or prosecuted until such notice has been mailed to the taxpayer, nor until the expiration of such ninety-day period, nor, if a petition has been filed with the Tax Court, until the decision of the Tax Court has become final. . . ."

The Government relied on the admitted fact that respondent had executed a Treasury Department form waiving the restrictions on assessment and collection of the deficiency sued for,[1] and on § 272 (d) of the 1939 Code, 53 Stat. 83, said to authorize such a waiver, which provides:

"The taxpayer shall at any time have the right, by a signed notice in writing filed with the Commis-

---

[1] The waiver was executed on United States Treasury Form 870, entitled "Waiver of Restrictions on Assessment and Collection of Deficiency in Tax," and read, in relevant part, as follows:
"Pursuant to the provisions of Section 272 (d) of the Internal Revenue Code, and/or the corresponding provisions of prior internal revenue laws, the restrictions provided in Section 272 (a) of the Internal Revenue Code, and/or the corresponding provisions of prior internal revenue laws, are hereby waived and consent is given to the assessment and collection of the following deficiency or deficiencies in tax:"

sioner, to waive the restrictions provided in subsection (a) of this section on the assessment and collection of the whole or any part of the deficiency."

The District Court held that the waiver was not effective because a 90-day letter had not been issued, and that § 272 (a) therefore barred the action. The Court of Appeals affirmed, 263 F. 2d 382, and in view of contrary decisions in the First and Sixth Circuits,[2] we granted certiorari. 359 U. S. 988. For reasons hereafter stated we think the court below was in error.

We start with the language of § 272 (d). By its terms, the right of waiver is to be available "at any time," and is applicable to "the restrictions" contained in § 272 (a). Those restrictions include the prohibitions on assessment and collection of a deficiency prior to the mailing of a 90-day letter, no less than the same prohibitions relating to the period following the issuance of such a letter during which a petition for a redetermination of a deficiency may be filed or is awaiting decision of the Tax Court.

Respondent seeks to support the view that these provisions should be read as applying only to the period following the issuance of the 90-day letter by noting that § 272 (d) is limited to waivers of restrictions on the assessment and collection of "the deficiency," and asserting that "the deficiency" does not come into existence, as it were, until a 90-day letter has been mailed. This reading of the statute is said to follow from the first sentence of § 272 (a)(1):

"If in the case of any taxpayer, the Commissioner determines that there is a deficiency in respect of the

---

[2] *Associated Mutuals* v. *Delaney*, 176 F. 2d 179, 182–184; *Moore* v. *Cleveland R. Co.*, 108 F. 2d 656, 658–660. See also *Roos* v. *United States*, 90 Ct. Cl. 482, 31 F. Supp. 144.

tax imposed by this chapter, the Commissioner is authorized to send notice of such deficiency to the taxpayer by registered mail."

A deficiency, it is argued, is not "determined" until the statutory notice has been issued. We cannot accept any such fine-spun refinements. The plain sense of this provision contemplates, first, a determination, and then the sending of a notice. No persuasive reason appears for artificially engrafting upon the statutory terms excessively formal conditions.[3] Nor do we find any force in the argument that because a determination and assessment of additional deficiencies may follow upon one already made, "the deficiency" referred to in § 272 (d) must be taken as limited to one previously determined.

Section 272 (d) does not on its face therefore support the view that a waiver of the restrictions on assessment and collection of a tax is effective only if filed after the issuance of a 90-day letter. We think a similar conclusion follows from an examination of the legislative history of the relevant statutory enactments.

In creating the Tax Court (originally known as the Board of Tax Appeals), Congress provided a forum in which taxpayers could obtain an "independent review of the Commissioner of Internal Revenue's determination of additional income . . . taxes by the Board in advance of their paying the tax found by the Commissioner to be due." *Old Colony Trust Co.* v. *Commissioner,* 279 U. S. 716, 721. Section 274 (a) of the Revenue Act of 1924, 43 Stat. 297, and the Revenue Act of 1926, § 274 (a), 44 Stat. 55 (the predecessors of § 272 (a) of the 1939 Code), disabled the Commissioner from assessing or collecting any deficiency until a notice of such deficiency had been

---

[3] See *Moore* v. *Cleveland R. Co., supra,* at 659, analyzing § 271 (a) of the Code, 53 Stat. 82, defining a "deficiency."

308

issued, and for 60 (later amended to 90) days thereafter, or, in the event that a taxpayer took an appeal to the Board of Tax Appeals within such period, until that body had rendered a final decision. However, even though a taxpayer did not wish to contest the Commissioner's determination of a deficiency before the Board, interest on such deficiency continued to accrue from the original due date of the tax until the time for seeking Board review had run, such interest being thereafter collectible upon assessment of the tax. Revenue Act of 1924, § 274 (f), 43 Stat. 297.

To meet this situation, the 1926 Revenue Act added, in § 274 (d), 44 Stat. 56, the waiver provisions re-enacted as § 272 (d) of the 1939 Code. At the same time, Congress provided, in § 274 (j) (the predecessor of § 292 of the 1939 Code), that the filing of a waiver as provided for by subsection (d) should stop the running of interest on the deficiency upon the expiration of 30 days from such filing or upon the assessment of such deficiency, whichever the earlier.[4] The relation between the two sections of the 1926 Act, and between the comparable sections of the 1939 Code as well, is clear: (1) a waiver is provided for in § 274 (d) [1939 Code, § 272 (d)] "[i]n order to permit the taxpayer to pay the tax and stop the running of interest," S. Rep. No. 52, 69th Cong., 1st Sess., p. 27; (2) the Commissioner is thereupon permitted to assess

---

[4] Section 292 of the 1939 Code, 53 Stat. 88, which is in all respects material here identical with its 1926 counterpart, provided, in pertinent part:

"Interest upon the amount determined as a deficiency shall be assessed at the same time as the deficiency, shall be paid upon notice and demand from the collector, and shall be collected as a part of the tax, at the rate of 6 per centum per annum from the date prescribed for the payment of the tax . . . to the date the deficiency is assessed, or, in the case of a waiver under section 272 (d), to the thirtieth day after the filing of such waiver or to the date the deficiency is assessed whichever is the earlier."

and collect the tax free of the restrictions contained in § 274 (a) [1939 Code, § 272 (a)]; and (3) the taxpayer is protected against the continued running of interest, due to delay in assessment, by the 30-day cutoff provided for by § 274 (j) [1939 Code, § 292].

We can find in this history and the purpose it discloses no warrant for inferring that it was intended that a taxpayer should be without power to stop the running of interest against him until a formal notice of deficiency has been issued.[5]  Yet, as will appear, such is the necessary effect of respondent's position.   Major reliance is placed on a passage in the Senate Committee Report on the 1926 Act:

> "In order to permit the taxpayer to pay the tax and stop the running of interest, the committee recommends in section 274 (d) of the bill that the taxpayer at any time be permitted to waive in writing the restrictions on the commissioner against assessing and collecting the tax, but without taking away the right of the taxpayer to take the case to the board."
> S. Rep. No. 52, 69th Cong., 1st Sess., p. 27.

Respondent claims that the last clause of this passage should be taken as indicating that § 274 (d), reenacted as § 272 (d) of the 1939 Code, does not sanction waivers prior to the issuance of a 90-day letter, because it is that event which brought the Board's, and now brings the Tax Court's, jurisdiction to review deficiencies into play.   To read the passage—the obscurity of which has previously been judicially noted[6]—so as to apply the clause in question to waivers executed before the issuance of a notice of

---

[5] See *Moore* v. *Cleveland R. Co., supra,* at 659–660.

[6] *Associated Mutuals* v. *Delaney, supra,* at 183.  Even respondent's interpretation of the passage would not, however, give literal effect to its language, for a taxpayer would not "at any time be permitted to waive" the restrictions on assessment and collection of a deficiency, but could do so only after the issuance of a notice of deficiency.

deficiency would require a holding that, despite a waiver, the issuance by the Commissioner of a notice of deficiency remains a prerequisite to assessment and collection. But since, as the taxpayer acknowledges, it is inconceivable that a waiver would be effective to stop the running of interest, and at the same time be ineffective to permit the Government immediately to assess and collect the deficiency to which the waiver referred, the necessary result of respondent's reading of the Senate Committee Report would be to infer that a taxpayer was to be without power to stop the running of interest until a formal notice of deficiency had issued, often involving not inconsiderable periods of delay. Such an inference does not jibe either with the "right" the statute gives a taxpayer to file a waiver "at any time," or with the purposes of the waiver provisions. Moreover, had Congress desired to require the issuance of a notice of deficiency prior to assessment and collection in all circumstances, it more likely would have accomplished that result directly, as it did in the instance of jeopardy assessments. See Revenue Act of 1926, § 279 (b), 44 Stat. 59 (now § 6861 (b) of the 1954 Code).

Nor do we think that subsequent legislative developments change the view we have of the statute. Several years after the enactment of the 1926 statute, the Court of Appeals for the Ninth Circuit expressed views similar to those which formed the basis for the decision below. *Mutual Lumber Co.* v. *Poe,* 66 F. 2d 904; *McCarthy Co.* v. *Commissioner,* 80 F. 2d 618. In 1938, Congress considered various suggested revisions in the revenue statutes, and a House of Representatives Subcommittee recommended an express repudiation of those decisions. This recommendation was not adopted, and from the failure to act, respondent would have us infer an acceptance by Congress of the Ninth Circuit's position. Such nonaction by Congress affords the most dubious foundation

for drawing positive inferences.  Moreover, the Subcommittee's discussion, which is set out in full in the margin,[7] does not support the meaning sought to be derived from it.  While certain isolated passages can be so read, taken

[7] "In order to enable the Government to collect admitted deficiencies in an orderly and expeditious manner without the delay necessarily involved in the issuance of a formal notice of deficiency, and also to enable taxpayers to curtail the interest period on such deficiencies by permitting the Government to make an earlier assessment of the tax than otherwise would be possible, the Bureau of Internal Revenue has entered into cooperative agreements with taxpayers.

"It has been a practice of long standing in the Bureau to endeavor to secure the signed agreement of a taxpayer to additional taxes proposed by an internal-revenue agent as the result of a field investigation, and also to taxes proposed in letters from the Commissioner mailed as preliminaries to the issuance of the formal notice of deficiency authorized in section 272 (a), Revenue Act of 1936, and corresponding provisions of prior acts.  It has further been the practice to regard such a signed agreement as a valid waiver under section 272 (d), Revenue Act of 1936, and corresponding provisions of prior acts, for the purpose of computing interest on the deficiencies agreed to in accordance with section 292, Revenue Act of 1936, and corresponding provisions of prior acts.  That is, interest on a deficiency so agreed to would be computed to the date of assessment or to the thirtieth day after the filing of such agreement, whichever was the earlier.  In the great majority of such cases the assessment is made within 30 days after the agreement is procured, thereby making collection of such deficiencies more nearly concurrent with their discovery than would be the case if formal notice were required to be given.

"As a result of two decisions of the Circuit Court of Appeals for the Ninth Circuit (*Mutual Lumber Co.* v. *Poe*, 66 F. 2d 906, certiorari denied Jan. 6, 1936; *McCarthy Co.* v. *Commissioner*, 80 F. 2d 618, certiorari denied Apr. 6, 1936), a valid waiver cannot be given by a taxpayer prior to the formal determination by the Commissioner, as evidenced by a 60- or 90-day letter, that there is a deficiency in tax.

"Your subcommittee while feeling that the language of the statute is already sufficiently clear, feels compelled, in view of the action of the Supreme Court in denying certiorari, to recommend (Recommendation No. 47) that an amendment be inserted to insure the validity of waivers given before the mailing of the deficiency letter, such amendment to provide that the taxpayer shall have the right

as a whole what the Subcommittee said appears to us to espouse the position that the Commissioner's long-standing interpretation of the statute was correct, and that clarification was called for only because of the doubts caused by the Ninth Circuit's decisions, which this Court had declined to review. 290 U. S. 706, 298 U. S. 655. Whether Congress thought the proposal unwise, as respondent argues, or unnecessary, we cannot tell; accordingly, no inference can properly be drawn from the failure of the Congress to act.

Finally, we are similarly unable to find support for respondent's position in the history of the 1954 Code. While the recodification settled (for taxable years covered by that Act) the question before us by expressly authorizing a waiver prior to the issuance of a 90-day letter,[8] the reports contain no clear statement as to Congress' view of then existing law. What light there is,

---

at any time after a deficiency is proposed in any manner that the Commissioner may direct, whether before or after the sending of the notice of deficiency as provided in subsection (a) of that section, to waive by a signed notice in writing, any and all restrictions or conditions, however imposed, on the immediate assessment and collection of the whole or any part of the deficiency so proposed.

"It is believed that the proposed amendment will furnish a clear and unquestionable statutory basis for a long-established and satisfactorily functioning departmental procedure. It will be conducive to the early settlement of controverted issues without necessity for litigation, while at the same time retaining for the taxpayer his present privilege of paying deficiencies under appeal and thereby terminating the running of deficiency interest." Report of a Subcommittee of the House Committee on Ways and Means, on Proposed Revision of the Revenue Laws, 1938, 75th Cong., 3d Sess., pp. 53–54.

[8] Section 6213 (d) of the 1954 Code reads as follows:

"The taxpayer shall at any time (whether or not a notice of deficiency has been issued) have the right, by a signed notice in writing filed with the Secretary or his delegate, to waive the restrictions provided in subsection (a) on the assessment and collection of the whole or any part of the deficiency."

however, tends to favor the Government's contentions. The new statute amended another subsection of the section containing the waiver provision, and the reports refer to that amendment as the "only material change from existing law." [9] Respondent argues that the change regarding waiver was probably thought not "material." Inferences from legislative history cannot rest on so slender a reed. Moreover, the views of a subsequent Congress form a hazardous basis for inferring the intent of an earlier one. See *United States* v. *United Mine Workers*, 330 U. S. 258, 282.

The legislative history, then, does not call for a result contrary to that indicated by the language of the Act. We hold that a waiver given pursuant to § 272 (d) of the Internal Revenue Code of 1939 or its predecessor sections, although executed prior to the issuance of a notice of deficiency, is a fully effective instrument.

*Reversed and remanded.*

MR. JUSTICE DOUGLAS, whom MR. JUSTICE STEWART joins, dissenting.

*Mutual Lumber Co.* v. *Poe*, 66 F. 2d 904, decided in 1933, states in my view the correct rule—one that was early criticized and challenged, yet one that Congress did not undertake to change. I would therefore affirm this judgment.

---

[9] H. R. Rep. No. 1337, 83d Cong., 2d Sess., p. A405:

"*Section 6213. Restrictions applicable to deficiencies; petition to Tax Court.*

"The only material change from existing law is made in subsection (b) (3) of this section, which contains a new provision providing that any amount paid as a tax, or in respect of a tax, may be assessed upon the receipt of such payment notwithstanding the restrictions on assessment contained in subsection (a)." See also, to the same effect, S. Rep. No. 1622, 83d Cong., 2d Sess., p. 573.