July 7, 1977

## 77-41   MEMORANDUM OPINION FOR THE CHAIRMAN, CIVIL SERVICE COMMISSION

### Retirement Benefits of Tax Court Judges

This is in response to your request to the Attorney General of May 13, 1977, for an opinion concerning the proper construction of 26 U.S.C. § 7447, which governs retirement benefits for Tax Court judges. The question posed is whether such a judge is entitled to receive an annuity under the Civil Service Retirement (CSR) System for covered services rendered as a Government official before becoming a Tax Court judge or after leaving the Tax Court where, while a judge, he elected to receive retired pay under the separate retirement system provided for Tax Court judges but thereafter failed to qualify to receive such benefits.

The task is one of statutory construction. Section 7447[1] provides for the payment of an annuity upon the retirement of a Tax Court judge under certain conditions. Those conditions concern principally the judge's age and length of service, provided the judge has elected to receive such retired pay during his tenure as a judge. The election, once made, is irrevocable, and his right to retired pay is forfeited if he thereafter accepts Federal office or employment.

The critical language of § 7447 provides that with respect to a judge who has made the election, "no annuity or other payment shall be payable . . . under the civil service retirement laws with respect to any service performed . . . (whether performed before or after such election is filed and whether performed as judge or otherwise)." § 7447(g)(2)(A). You inquire whether an election is effective on the day it was filed or whether it only becomes effective at the time the judge becomes entitled to receive retirement benefits under the Tax Court system. It is argued that if the election is effective on the date of filing, the judge would be precluded from receiving an annuity under both the Civil Service Retirement System and the Tax Court system, a result Congress did not intend. The argument refers to a statement appearing in

---

[1] The section is part of the Internal Revenue Code of 1954, 26 U.S.C. § 1 et seq.

the Senate report on the subsequent Tax Reform Act of 1969, which stated that "the bill retains the provisions of present law that a Tax Court judge may not receive both civil service retirement and Tax Court pensions . . ." S. Rep. 91–552, 91st Cong., 1st Sess., at 305. The post-legislative statements by the Chairman of the Senate Finance Committee and the Chairman of the House Committee on Ways and Means are to the same effect. The implication apparently is that it was not the intention of Congress to preclude the receipt of an annuity under the Civil Service Retirement System if the judge could not receive an annuity under the Tax Court system.

We have considered both sides of the matter carefully, and it is our conclusion that a Tax Court judge who has made an election to participate in the court's retirement system, and thereafter fails to serve the minimum number of qualifying years, is nevertheless barred from receiving an annuity under the Civil Service Retirement System for prior or subsequent Federal service. The plain language of § 7447(g)(2)(A) so provides, and our examination of § 7447 as a whole indicates that this result is consistent with its purpose.

Section 7447 plainly restricts the freedom of choice of a Tax Court judge who has elected the court's retirement system. He is eligible for benefits only at age 70, after 15 years of service at age 65, or after 15 years of service when he requests but does not obtain reappointment.[2] A retired judge forfeits retirement pay for one year if he does not return to service when recalled.[3] In addition, a retired judge completely forfeits any benefits under the system if he accepts any other civil office under the United States or privately practices law or accountancy related to the court's subject matter jurisdiction.[4]

In return for accepting these restrictions, a judge who elects the system receives a financial benefit. If he has served 10 years, he may receive his full salary.[5] Under the Civil Service Retirement System, in contrast, he could receive no more than 80 percent of his average salary for his highest consecutive 3 years of service.[6]

Thus, the statute provides that to be eligible for the higher retirement benefits provided by the Tax Court system, the judge must serve until the end of a full term of office or until he reaches the mandatory retirement age. To remain eligible, he must return to the court as requested and must forgo employment that might be inconsistent with his past or future judicial duties. In particular, he must forgo any subsequent civilian employment with the United States other than as a Tax Court judge. It is apparent that one purpose of the statute as a

[2] 26 U.S.C. § 7447(b), (d). Judges are appointed for 15-year terms. 26 U.S.C. § 7443(e). The mandatory retirement age for Tax Court judges is 70, and no person over 65 may be appointed.
[3] 26 U.S.C. § 7447(f).
[4] 26 U.S.C. § 7447(f).
[5] 26 U.S.C. § 7447(d)(1).
[6] See 5 U.S.C. §§ 8331(4), 8339(a), (e).

165

whole is to provide a financial incentive for persons appointed to the Tax Court to remain in its service instead of leaving to accept other positions in the Federal Government. We believe it consistent with this purpose to regard an irrevocable election to receive benefits under the Tax Court retirement plan as effective when made. Ineligibility to receive a civil service retirement annuity for prior or subsequent Federal services reinforces the financial incentive to remain on the court.

We do not believe that the statement in the explanation of § 7447 in the 1969 Senate report is evidence of a contrary legislative intent. The basic structure of the section, including the loss of any civil service annuity by an electing judge, was enacted in 1953.[7] The House Ways and Means Committee report on the section states that an election to receive retirement pay under the Tax Court plan is "irrevocable," and that a judge who has elected the plan "is not to be entitled to any annuity" under the Civil Service Retirement System.[8] The section was reenacted without change in the Internal Revenue Code of 1954. In 1969, subsection (g) was amended to allow an electing judge a refund of previous contributions to the civil service system, but the basic structure of § 7447 was unchanged.[9] There is no indication that Congress considered the problem whether a judge who leaves the Tax Court before he is eligible under its retirement system loses the right to future civil service retirement benefits. Because the issue was not raised in 1969, the statement concerning § 7447 in the Senate report offers no guidance to the intention of the Congress that originally enacted it in 1953. *See, United States* v. *Price,* 361 U.S. 304, 313 (1960); *Rainwater* v. *United States,* 356 U.S 590, 593 (1958). The legislative history, therefore, provides no basis for concluding that § 7447 does not operate according to its plain meaning.

Nor should weight be given to the postenactment explanations of congressional intent by the Chairman of the Senate Finance Committee and the Chairman of the House Committee on Ways and Means. It is settled that postenactment explanations of legislative intent by subsequent statements of individual Members, however deeply involved in the passage of a statute, are not evidence of the intent of Congress as a whole at the time of enactment. *See, United States* v. *Philadelphia National Bank,* 374 U.S. 321, 348–49 (1963); *United States* v. *United Mine Workers,* 330 U.S. 258, 282 (1947); *Selman* v. *United States,* 498 F. 2d 1354, 1359 n. 6 (Ct. Cl. 1974); *Epstein* v. *Resor,* 296 F. Supp. 214, 216 (D. Cal. 1969). *See, generally,* 2A Sutherland, Statutory Construction § 48.16.

Finally, we do not believe it unduly harsh to regard a judge's election of the Tax Court system as being final when made. A judge is free to elect to participate or to decline to do so. He may defer his decision

[7] Act of August 7, 1953, 67 Stat. 482; Internal Revenue Code of 1939, § 1106.
[8] H.R. Rep. 846, 83rd Cong., 1st Sess. (1953) pp. 6, 8.
[9] *See* Tax Reform Act of 1969, § 954(c), Pub. L. No. 91-172, 83 Stat. 731; S. Rep. 91-552, 91st Cong., 1st Sess., at pp. 304–05.

until the last day of his tenure without any financial loss. Once he has elected, he is entitled to a refund of his previous payments to the Civil Service Retirement System.[10] Moreover, the language of § 7447(g)(2) is not misleading, for it clearly states that after election, no civil service annuity shall be paid for any Federal service. Under our interpretation of the statute, a judge may decide whether or not to elect the Tax Court retirement plan on a rational basis with minimal risk.

JOHN M. HARMON
*Assistant Attorney General*
*Office of Legal Counsel*

---

[10] *See* 5 U.S.C. § 8331(8); 26 U.S.C. § 7447(g)(2)(C).