In the Matter of BALDWIN–UNITED CORPORATION, D.H. Baldwin Company, et al., Debtors.

BALDWIN–UNITED CORPORATION, D.H. Baldwin Company, Plaintiffs,

v.

Charles P. ADAMS, et al., Defendants,

and

BALDWIN–UNITED CORPORATION, D.H. Baldwin Company, Plaintiffs,

v.

John P. AFFLEBACH, et al., Defendants.

Bankruptcy No. 1–83–02495.
Adv. Nos. 1–85–0170, 1–85–0195.

United States Bankruptcy Court, S.D. Ohio, W.D.

July 2, 1985.

Richard Parker, Mark Plevin, O'Melveny & Myers, Washington, D.C., for plaintiff.

Gene Mesh, Cincinnati, Ohio, for class claimants.

Peter Wolfson, Booth, Marcus & Pierce, New York City, for common stockholders committee.

RANDALL J. NEWSOME, Bankruptcy Judge.

These Chapter 11 adversary proceedings are before the Court pursuant to motions for summary judgment filed by plaintiffs Baldwin-United Corporation and D.H. Baldwin Company against all defendants in both of the above-captioned adversary proceedings. Plaintiffs' complaints and motions seek subordination of defendants' securities rescission and loss claims under 11 U.S.C. § 510(b) of the Bankruptcy Code of 1978. Plaintiffs assert that § 510(b) requires subordination of defendants' claims below the current holders of each respective security.

■ Numerous responses, consents to the relief requested and oppositions to the relief have been filed. A memorandum opposing summary judgment was filed by those defendants known as the "class claimants," i.e. the named claimants and members of a class they represent in a lawsuit pending in the United States District Court for the Southern District of Ohio seeking damages for violations of the federal securities laws in connection with sales of Baldwin securities. The common stockholders committee for these debtors filed a memorandum in support of subordination.[1]

Section 510(b) states:

Any claim for recission [sic] of a purchase or sale of a security of the debtor or of an affiliate or for damages arising from the purchase or sale of such a security shall be subordinated for purposes of distribution to all claims and interests that are *senior or equal to* the claim or interest represented by such security. (emphasis added)[2]

■ Section 510(b) requires automatic subordination of rescission and damage claims by purchasers of securities to all claims or interests that are *senior or equal* to the claim or interest represented by the security. 3 *Collier on Bankruptcy* § 510.-04 (15th ed. 1979). Thus, any claim for rescission must be subordinated in payment below the claim or interest held before rescission.

Notwithstanding the clear mandate of the statute, the class claimants argue that while stockholder rescission claims may be subordinated to claims of general creditors, this does not mean rescission claims should be subordinated to claims of equity security holders. They assert that the legislative history of § 510(b) evidences a congressional intent that securities rescission claimants share *pari passu* with holders of such stock, and the failure of § 510(b) to embody this intent was a drafting error.[3]

■ We are satisfied that the statutory language used by Congress has a plain and unambiguous meaning. Therefore, an interpretation of the statute which departs from its clear terms is unwarranted. *Garcia v. United States*, —— U.S. ——, 105 S.Ct. 479, 83 L.Ed.2d 472 (1984).

1. While we will not deal with the responses individually, we note that one claimant, Erwin C. Cramp, Trustee, asserts that his claim is not subject to subordination because stock of D.H. Baldwin Company was received in exchange for shares of a bank it acquired, therefore there was no "purchase or sale" within the meaning of § 510(b). (Adversary No. 1–85–0170, Doc. J–1–9, reply of Erwin C. Cramp, Trustee). We disagree. Section 101(35) defines "purchaser" as "transferee of a voluntary transfer, and includes immediate or mediate transferee of such a transferee." This definition is broad enough to include Mr. Cramp's situation.

2. Section 510(b) was amended in 1984 to provide that where the securities fraud claim arises in connection with the purchase or sale of common stock "such claim has the same priority as common stock." However, the amendment is not applicable to this bankruptcy (filed September 26, 1983), but only to cases filed after October 10, 1984. *See,* Bankruptcy Amendments and Federal Judgeship Act of 1984, Pub.L. 98–353, §§ 451, 553, 98 Stat. 333, 375, 392.

3. The legislative history cited to by class claimants is as follows:

"The subsection also requires the court to subordinate in payment any claim for rescission of a purchase or sale of a security of

The Sixth Circuit was faced with a similar statutory interpretation question in *Dow Chemical Co. v. United States Environmental Protection Agency*, 635 F.2d 559 (6th Cir.1980), *cert. denied*, 452 U.S. 939, 101 S.Ct. 3082, 69 L.Ed.2d 953 (1981). After acknowledging that language from the House and Senate legislative history written prior to the adoption of the provisions at issue seemed to conflict with the "obvious and unambiguous language" of the statute, the Court states:

> It is, however, a cardinal rule of statutory interpretation that the courts do not turn to legislative history to shed light on the meaning of easily understandable and unambiguous statutory enactments. 635 F.2d at 561.

*See also, H. Wetter Manufacturing Company v. United States*, 458 F.2d 1033, 1035 (6th Cir.1972) ("Like other extrinsic aids to construction, the use of legislative history is to *solve*, but not to *create* an ambiguity.")[4]

■ Finally, class claimants argue that the 1984 amendments to § 510(b) creating an exception for "common stockholder claims" supports their interpretation of Congress' intent with regard to the 1978 statute. However, we decline to give weight to Congressional action taken six years later in interpreting an earlier unambiguous law. The statement of Justice Harlan in *U.S. v. Price*, 361 U.S. 304, 313, 80 S.Ct. 326, 331, 4 L.Ed.2d 334 (1960) is certainly apt here:

> [T]he views of a subsequent Congress form a hazardous basis for inferring the intent of an earlier one.

■ For the reasons stated above, plaintiffs' motion for summary judgment as to all defendants in both adversary proceedings is hereby GRANTED. The defendants' securities fraud claims will be subordinated for purposes of distribution below the present holders of each issue. Plaintiffs' request for attorneys' fees and costs of suit is hereby DENIED.

The foregoing shall constitute this Court's findings of fact, opinion and conclusions of law.

IT IS SO ORDERED.

---

the debtor or of an affiliate, or for damages arising from the purchase or sale of such a security, to all claims and interests that are senior to the claim or interest represented by the security.... If the security is an equity security, the damages or rescission claim is subordinated to all creditors and treated the same as the equity security itself."
House Report No. 95–595, 95th Cong., 1st Sess. 359 (1977); Senate Report No. 95–989, 95th Cong., 2nd Sess. 74 (1978), U.S.Code Cong. & Admin.News 1978, pp. 5787, 5860, 6315.

**4.** The Common Stockholders' Committee memorandum suggests an explanation for the seemingly inconsistent legislative history: the commentary was drafted to accompany the initial drafting of the statute (which did not include the "or equal" language) and was mistakenly repeated without revision after the statute was rewritten to the "senior or equal" language. *See*, Common Stockholders' Committee Memorandum, Adversary No. 1–85–0170.