ROBERT W. LEWIS and REBECCA H. LEWIS, ET AL., [1] Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent Lewis v. Commissioner
Docket Nos. 28924-84, 19383-85, 19384-85, 19386-85.
United States Tax Court
T.C. Memo 1986-155; 1986 Tax Ct. Memo LEXIS 455; 51 T.C.M. (CCH) 868; T.C.M. (RIA) 86155; April 17, 1986; Reversed November 28, 1988 David S. Elkouri, for the petitioners. David G. Hendricks, for the respondent. WILLIAMS
MEMORANDUM OPINION WILLIAMS, Judge: In these consolidated cases the Commissioner determined deficiencies in petitioners' Federal income taxes in the following amounts: Taxable Year
Docket No.
Petitioner
1978
1979
1980
28924-84
Robert W. and Rebecca H. Lewis
$10,139.00
$3,437.00
$2,767.00
19383-85
Michael C. and Julia T. Kirk
872.00
492.00
424.00
19384-85
James P. and Elizabeth H. Kirk
3,799.00
2,003.00
1,482.00
19386-85
J. Philip Jr. and Judy Kirk
797.00
430.00
261.00
*457 after concessions, the sole issue for decision is whether section 212[2] entitles petitioners to deduct a distributive share of a limited partnership's ordinary and necessary pre-operating expenses incurred during the years 1978 and 1979. The facts of these cases have been fully stipulated pursuant to Rule 122, Tax Court Rules of Practice and Procedure, and are so found. Petitioners resided at the addresses indicated below at the time their petitions were filed: Docket No.
Petitioner
Address
28924-84
Robert W. and Rebecca H. Lewis
Larned, Kansas
19383-85
Michael C. and Julia T. Kirk
Kansas City, Missouri
19384-85
James P. and Elizabeth H. Kirk
Fairway, Kansas
19386-85
J. Philip, Jr. and Judy Kirk
Kansas City, Kansas
Casper Hotel Associates (CHA) is a Kansas limited partnership formed on September 29, 1977 to build, own and operate a 238 room Hilton Hotel in Casper, Wyoming. CHA's general partners are Transamerica Investment Properties (TIP), a Kansas corporation, and TIP-Casper, Ltd. (TCL), a Kansas limited partnership whose *458 general partners are TIP and David H. Aull. Thirty-three units of the CHA partnership were offered and sold at a price of $50,500.00 per unit beginning December 27, 1977. Each unit represented a 2.9997% interest in the partnership. The offering was closed and petitioners' subscriptions were accepted on February 23, 1978. Petitioners Robert W. and Rebecca H. Lewis purchased one unit of the CHA partnership for $50,500.00 in 1978. Petitioners Michael C. and Julia T. Kirk purchased 1/6 unit of the CHA partnership for $8,416.67 in 1978. Petitioners James P. and Elizabeth H. Kirk purchased 1/2 unit of the CHA partnership for $29,250.00 in 1978. Lastly, petitioners J. Philip, Jr. and Judy Kirk purchased 1/6 unit of the CHA partnership for $8,416.67 in 1977. CHA filed Federal partnership information returns on the cash method of accounting for the years 1978, 1979 and 1980, on which it claimed losses for those years in the amounts of $670,421.00, $681,350.00 and $354,885.00, respectively. Respondent disallowed $453,372.00, $229,125.00 and $171,167.00 of the losses for the years 1978, 1979 and 1980, respectively. Petitioners' distributive shares of the CHA partnership losses claimed *459 by them on their Federal income tax returns for those years were accordingly disallowed by respondent. After adjustments agreed to by the parties, the disallowed costs remaining in dispute are included in the following expenses claimed by the partnership: start-up costs of $255,920.00 and $49,567.00 expensed respectively in the years 1978 and 1979, and the amortization of certain other start-up costs in 1978, 1979 and 1980 of $4,177.00, $27,225.00 and $27,225.00, respectively. The start-up costs expensed by CHA in the years 1978 and 1979 were all incurred in 1978. The parties agree that these costs are ordinary and necessary expenses and that they consist of the following non-capital items and amounts: Year Paid
Item
1978
1979
Total
Payroll
$121,561.00
$121,561.00
Travel
4,321.00
9,702.00
14,023.00
Telephone
4,463.00
696.00
5,159.00
Equipment Rent
1,256.00
4,130.00
5,386.00
Dues/Subscriptions
638.00
638.00
Advertising
846.00
846.00
Repairs/Maintenance
596.00
596.00
Utilities
7,543.00
15,623.00
23,166.00
Legal/Accounting
23,166.00
23,166.00
Insurance
3,825.00
3,825.00
Miscellaneous
2,297.00
8,620.00
10,917.00
Management Fees
75,000.00
75,000.00
Reservation Expenses
569.00
569.00
Automobile Expenses
628.00
628.00
Data Processing
345.00
345.00
Pre-Opening Expenses
426.00
426.00
FICA
7,596.00
7,596.00
State Unemployment Tax
2,243.00
2,491.00
4,734.00
Workman's Compensation
6,278.00
6,278.00
Federal Unemployment
Tax
628.00
628.00
Total
$255,920.00
$49,567.00
$305,487.00
*460 Of these costs, the parties agree that $67,917.13 and $7,100.00 are deductible in 1978 and 1979, respectively, as ordinary and necessary business expenses deductible under section 162, incurred after CHA commenced being in the trade or business of operating to hotel. Further, the parties agree that the legal and accounting costs of $23,166.00 listed above are organization costs within the meaning of section 709 to be amortized over a period of 60 months. The start-up costs amortized in 1978, 1979 and 1980 are based on a 36-month amortization of $75,623.99 and $6,050.00 expended by the CHA partnership in 1978 and 1979, respectively. These costs are stipulated to be ordinary and necessary, and consist of the following items and amounts: Year Paid
Item
1978
1979
Kitchen Supplies
$377.65
Bar Supplies
865.69
Food Supplies
8,837.36
Maintenance Supplies
2,463.53
Office Supplies
3,225.64
Housekeeping Supplies
9,203.27
Banquet Supplies
1,374.48
Pool Supplies
170.03
Trash Removal
3,297.24
Storage and Delivery
1,205.94
Smoking Urns, First-Aid Kit,
Time Card Rack
8,409.43
Basic Bed DXL
672.35
Plates
144.38
Chalkboards (4)
422.48
Key Blanks
1,071.72
Tray
264.15
Advertising Expenses
14,805.74
Recruitment Expenses
7,331.12
Freight Expenses
588.10
Grand Opening Expense
948.77
Contract Cleaning Expenses
515.00
Legal Expenses
2.00
Phone Installation Expenses
4,842.97
Desk - Delivery
124.80
Promotion Expense
426.02
Installation Wages
1,378.00
Other
2,656.13
Miscellaneous Equipment
$6,050.00
Total
75,623.99
$6,050.00
*461 Of these costs, the parties agree that a total of $39,689.56 for the years 1978 and 1979 is not at issue in these cases. The parties agree that all start-up costs and amortized expenditures above which are remaining at issue are non-capital expenditures. All expenses at issue were incurred subsequent to the acquisition by CHA of title to the property and subsequent to petitioners' acquisition of their respective partnership interests. CHA acquired title to the land on which the hotel was constructed in December of 1977. Construction of the hotel was financed by a loan of $5,825,000.00 from the First National Bank of Denver, and construction commenced in October of 1977. CHA obtained a permanent mortgage loan in the amount of $5,500,000.00 through the Equitable Life Assurance Society; the commitment fee for this loan was $55,000.00, which respondent has conceded to be deductible in 1978. CHA commenced being in the trade or business of operating a hotel on November 15, 1978. Petitioners contend that their distributive shares of the ordinary and necessary expenses incurred by CHA in 1978 prior to its being in the trade or business of operating a hotel are deductible under section *462 212. Respondent argues that the expenses incurred are preopening or start-up expenditures which are not deductible as current expenses under section 162 or section 212. The parties agree that the expenses at issue in this case are ordinary and necessary expenses which would qualify as deductible business expenses under section 162 except that the partnership was not carrying on a trade or business when the expenses were incurred. There is no dispute that petitioners have a proprietary interest in the income-producing property. Further, the parties agree that the expenses at issue were incurred in connection with an income producing activity. The sole point of controversy is whether section 212 permits the expenses at issue to be deducted because they were incurred prior to the commencement of the income producing activity. [3]
*463 Pursuant to section 212 an individual may deduct ordinary and necessary expenses incurred during the taxable year for the production of income or for the management, conservation or maintenance of property held for the production of income. An expense incurred to produce income or to manage, conserve or maintain income producing property is deductible whether the expense is incurred in connection with income produced in the year the expense is incurred or in earlier or subsequent years. Section 1.212-1(b), Income Tax Regs. While section 212 generally provides the same restrictions and limitations on deductibility of expenses as provided by section 162, the two sections are not identical; an important exception that is critical to the resolution of these cases is that section 212 does not require the expenses to have been incurred in connection with the carrying on of a trade or business. H. Rept. No. 2333, 77th Cong., 2d Sess. 75 (1942); Trust of Bingham v. Commissioner,325 U.S. 365, 373-374 (1945) (discussing the predecessors of sections 162 and 212). *464 Because section 212 lacks the trade or business requirement of section 162, if an expense is incurred to manage, conserve or maintain income producing property, the income producing activity need not have commenced prior to permitting related expenses to be deducted. Section 1.212-1(b), Income Tax Regs.; Hoopengarner v. Commissioner,80 T.C. 538, 541 (1983), affd. without published opinion 745 F.2d 66 (9th Cir. 1984). In Hoopengarner, the taxpayer acquired a leasehold interest in land; the lease required the taxpayer to develop the leased premises. The Court determined that the taxpayer was not in a trade or business during the taxable year in which he sought to deduct rental payments made under the lease and characterized the rent, 80 T.C. at 540, as preoperating expenses which are not deductible under section 162. Richmond Television Corporation v. United States,345 F.2d 901, 907 (4th Cir. 1965). The Court went on to hold, however, that the leasehold interest was property held for the production of future income for purposes of section 212(2). Since section 212 has no "trade or business" *465 requirement prohibiting the deduction under section 162 of expenses incurred prior to the commencement of a trade or business, the Court held that such preoperating expenses were deductible. 80 T.C. at 543. Our holding in Hoopengarner was followed by this Court in Johnsen v. Commissioner,83 T.C. 103 (1984). In Johnsen, the taxpayers were partners in a limited partnership formed to develop real estate who sought to deduct their distributive share of the commitment, management and guarantee fees incurred by the limited partnership. The Court found that the expenses were incurred before the partnership had commenced being in a trade or business, but noted that in Hoopengarner "[w]e concluded that the preopening expense doctrine, concerning expenses prior to the commencement of a trade or business, did not apply to section 212 since such section had no trade or business requirement." 83 T.C. at 118. The Court followed Hoopengarner and ruled that the taxpayers were entitled to deduct their distributive share of the preoperating expenses at issue which were incurred by the limited partnership. [4]83 T.C. at 126. *466 Hoopengarner and Johnsen control these cases. The expenses at issue here are ordinary and necessary to the management, conservation and maintenance of petitioners' income producing property. The expenses were incurred with respect to property in which the taxpayer had a proprietary interest. Although paid prior to the year in which income was realized from the property, under respondent's own regulation expenses incurred in connection with income to be realized in subsequent taxable years are deductible in the year the expenses are paid. Section 1.212-1(b), Income Tax Regs.
CHA was formed to build, own and operate a Hilton Hotel in Casper, Wyoming and commenced being in the trade or business of operating the hotel *467 in November of 1978. We find accordingly that the preoperating expenses at issue in these cases were incurred with respect to property held for the production of future income within the meaning of section 212. [5] Petitioners are therefore entitled to deduct, pursuant to section 212, their distributive shares of such ordinary and necessary preoperating expenses. Hoopengarner v. Commissioner,supra, and Johnsen v. Commissioner,super.
Respondent argues, however, that our decisions in Hoopengarner and Johnsen are inconsistent with Congressional intent and should be overruled. Respondent contends that the enactment of section *468 195 implies that preoperating expenses were never intended to be deductible under section 212. Effective for taxable years ending after July 29, 1980, section 195 was enacted to allow an individual taxpayer an election to treat "start-up expenditures" incurred or paid in connection with investigating or creating an active trade or business as deferred expenses amortizable over a minimum of 60 months. Section 195 was amended in 1984, effective for taxable years beginning after June 30, 1984, to provide that no deduction would be allowed for start-up expenditures except as provided under that section. Such expenses thus may not be deducted pursuant to section 212 in taxable years commencing after June 30, 1984. Respondent contends on this basis that Congress has declared that Hoopengarner and Johnsen are inconsistent with its intended statutory scheme. First, as the Supreme Court has stated so well, "the views of a subsequent Congress form a hazardous basis for inferring the intent of an earlier one." United States v. Price,361 U.S. 304, 313 (1960); see also Rainwater v. United States,356 U.S. 590, 593 (1958). Second, respondent's *469 argument misses the mark by a considerable distance. Congress did not overrule Hoopengarner retroactively or even from the date of enactment of section 195 but chose to overrule it effective for taxable years commencing after June 30, 1984. Third, an act of Congress is generally to be applied prospectively from its effective date. United States v. Estate of Donnelly,397 U.S. 286 (1970). We decline to extend section 195, as amended and in effect in 1984, to taxable years prior to its Congressionally mandated effective date. Similarly, we decline to infer from the actions of a later Congress that preoperating or start-up expenses for the taxable years at issue in this case were intended to be excluded from the scope of section 212 by the earlier Congress which enacted the original provision. [6]
*470 We note the Eighth Circuit's contrary views as stated in Aboussie v. United States,779 F.2d 424, 428 n.6 (8th Cir. 1985), but, for the reasons set forth above, we will continue to follow Hoopengarner. Because of the Golsen doctrine, Golsen v. Commissioner,54 T.C. 742, 757 (1970), affd. 445 F.2d 985 (10th Cir. 1971), we will apply the Eighth Circuit's views to docket number 19383-85 because venue on appeal in that docket lies with the Eighth Circuit. As to all other dockets consolidated herein, which are appealable to the Tenth Circuit, we will follow Hoopengarner.
To reflect concessions by the parties, Decisions will be entered pursuant to Rule 155.
Footnotes
1. Cases of the following petitioners are consolidated herewith: Michael C. Kirk and Julia T. Kirk, docket No. 19383-85; James P. Kirk and Elizabeth H. Kirk, docket No. 19384-85; J. Philip Kirk, Jr. and Judy Kirk, docket No. 19386-85.↩
2. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩
3. SEC. 212. EXPENSES FOR PRODUCTION OF INCOME. In the case of an individual, there shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year-- (1) for the production or collection of income; (2) for the management, conservation, or maintenance of property held for the production of income; or (3) in connection with the determination, collection, or refund of any tax.↩
4. The Court in Johnsen upheld respondent's determination that a portion of the permanent loan commitment fee should be disallowed, on the grounds that that portion was not an ordinary and necessary expense. 83 T.C. at 124-125↩. In these cases respondent conceded the deductibility of the permanent loan commitment fee.
5. A partnership is not allowed the deduction under section 212 in computing its taxable income. Section 703(a)(2)(E); section 1.703-1(a)(2)(vi), Income Tax Regs. However, each partner may take into account his distributive share of the partnership's losses under section 212 in computing his own taxable income. Section 702(a)(7); section 1.702-1(a)(8)(i), Income Tax Regs.↩
6. In its report on the 1984 amendments to section 195, the Senate Finance Committee did not spurn Hoopengarner v. Commissioner,80 T.C. 538 (1983) affd. without published opinion 745 F.2d 66 (9th Cir. 1984), as a distortion of section 212. The committee report notes simply that the existing law on the deductibility of preopening expenses pursuant to section 212 and section 195 was unclear and that respondent disagreed with this Court's holding in Hoopengarner.↩ S. Rept. 98-169, 282 (1984).