**Walter F. COSTELLO, Appellant,**

v.

**AGENCY FOR INTERNATIONAL DEVELOPMENT.**

No. 86–5458.

United States Court of Appeals, District of Columbia Circuit.

Argued Feb. 29, 1988.

Decided April 5, 1988.

Lawrence Speiser, with whom John P. Racin, Washington, D.C., was on the brief, for appellant.

Diane M. Sullivan, Asst. U.S. Atty., with whom Joseph E. diGenova, U.S. Atty., Royce C. Lamberth* and R. Craig Lawrence, Asst. U.S. Attys., Washington, D.C., were on the brief, for appellee.

Before WALD, Chief Judge, EDWARDS and WILLIAMS, Circuit Judges.

Opinion for the Court filed by Circuit Judge HARRY T. EDWARDS.

* Assistant United States Attorney at the time the brief was filed.

HARRY T. EDWARDS, Circuit Judge:

The question presented by this case is whether the Foreign Service Grievance Board ("Board") has the authority to award attorney fees to a Foreign Service Officer ("FSO") who prevails in an action brought to separate him for cause from the Service pursuant to section 610(a) of the Foreign Service Act of 1980 ("Act"), 22 U.S.C. § 4010(a) (1982). The Act makes provision for such awards where the grievance of a FSO is found to be meritorious; the Board held in this case, however, that it had no authority to award fees because the hearing prescribed in section 610(a)(2) as a prerequisite to separation for cause was not a "grievance" procedure. The District Court agreed with this interpretation of the Act and affirmed.

We find it impossible to reconcile the Board's interpretation of the statutory scheme with any rational understanding of congressional intent. We therefore reverse the decision of the District Court and remand for further proceedings.

## I. BACKGROUND

Appellant Walter F. Costello was, in 1983, a FSO employed by appellee Agency for International Development ("AID"). When AID proposed to "separate" him from the Service because of alleged misconduct during an earlier assignment in Somalia, Costello obtained a hearing before the Board, as provided by section 610(a)(2). In June 1984, the Board dismissed the case against Costello for want of sufficient evidence. Several months later Costello filed a motion with the Board requesting an award of attorney fees. In a decision dated May 24, 1985, the Board rejected the motion, on the ground that it had no au-

thority under the Act to award fees in a separation-for-cause action.

The Board's authority to award attorney fees is found in section 1107(b)(5) of the Act, 22 U.S.C. § 4137(b)(5). Section 1107(b) provides that when the Board "finds that the grievance is meritorious," it shall have authority to direct the Department of State or other agency employing the FSO to take any of several remedial measures, including:

> (5) to pay reasonable attorney fees to the grievant to the same extent and in the same manner as such fees may be required by the Merit Systems Protection Board under section 7701(g) of title 5.... [1]

As section 1107(b) applies only in the case of a "grievance," it is essential to determine whether a separation-for-cause action pursuant to section 610(a) is a grievance within the compass of section 1107(b). "Grievance" is defined in section 1101(a)(1), 22 U.S.C. § 4131(a)(1), as

> any act, omission, or condition subject to the control of the Secretary [of State or other agency head] which is alleged to deprive a member of the Service who is a citizen of the United States of a right or benefit authorized by law or regulation or which is otherwise a source of concern or dissatisfaction to the member, including—
>
> > (A) separation of the member allegedly contrary to laws or regulations, or predicated upon alleged inaccuracy, omission, error, or falsely prejudicial character of information in any part of the official personnel record of the member....

Section 1101(b) makes several exceptions to this definition, including "any complaint or appeal where a specific statutory hearing procedure exists...." Section 1101(b)(4), 22 U.S.C. § 4131(b)(4).[2]

---

**1.** Under 5 U.S.C. § 7701(g)(1) (1982), attorney fees may be awarded when the employee is the "prevailing party" and when such an award "is warranted in the interest of justice, including any case in which a prohibited personnel practice was engaged in by the agency or any case in which the agency's action was clearly without merit." Whether that standard has been met is not before us in the present case. Rather, we

consider only the threshold question of whether the section 610(a)(2) hearing is a "grievance" proceeding which falls within the ambit of section 1107(b).

**2.** This subsection provides, however, in conjunction with section 1109(b), 22 U.S.C. § 4139(b), that a potential grievant also eligible for relief under the Civil Service provisions of title 5 of

The Board construed section 610(a)(2) [3] to provide a "specific statutory hearing procedure" of the sort contemplated by section 1101(b)(4). The Board recognized that "the definition of 'grievance' in Section 1101 of the Act is broad enough to encompass a challenge to a separation for cause," and that under the remedial provisions of section 1107 the Board had the authority to remedy an attempted separation by ordering the Government to retain the grievant in the Service.[4] "If these were the only provisions of the Act bearing on the subject," the Board stated, "we would have little doubt that a separation for cause could be challenged through the grievance procedure established by Chapter 11 of the Act." *Costello v. AID*, No. S–83–002–AID–2, slip op. at 4–5 (May 24, 1985), *reprinted in* Appellant's Appendix ("App.") 9, 13–14. The Board held, however, that section 610(a)(2) created a distinct separation-for-cause procedure, separate from "grievance" proceedings: "The import of this section, as the Board has understood it since the Act was passed, is to make separation for cause cases a discrete category of proceedings (subject, of course, to the same procedures used in grievance cases)." *Id.* at 5, App. 14. Any other interpretation, it contended, would make section 610(a)(2) "largely superfluous." *Id.* Therefore, having concluded that "a separation proceeding is not a grievance," the Board found that it had no authority to award attorney fees under section 1107(b)(5). *Id.* at 6, App. 15.

The District Court agreed. It relied on both section 1101(b)(4) and the last sentence of section 610(a)(2) to hold that separation for cause hearings pursuant to subchapter VI and the grievance procedures pursuant to subchapter XI are distinct and mutually exclusive avenues of redress.... [T]he Act expressly establishes a special hearing right for separation for cause cases based on misconduct, and the existence of that statutory right takes this type of dispute out of the ordinary grievance procedures established in subchapter XI.

*Costello v. Foreign Serv. Grievance Bd.*, No. 85–3890, slip op. at 5 (D.D.C. May 7, 1986), *reprinted in* App. 3, 7.

## II. ANALYSIS

### A. *Standard of Review*

This case presents "a pure question of statutory construction," *INS v. Cardoza–Fonseca*, —— U.S. ——, 107 S.Ct. 1207, 1221, 94 L.Ed.2d 434 (1987), with respect to which our task is to determine the intent of Congress. In so doing, we apply a familiar methodology:

On a pure question of statutory construction, our first job is to try to determine congressional intent, using "traditional tools of statutory construction." If we can do so, then that interpretation must be given effect....

*NLRB v. United Food & Commercial Workers Union, Local 23*, —— U.S. ——, 108 S.Ct. 413, 421, 98 L.Ed.2d 429 (1987) (quoting *Cardoza–Fonseca*, 107 S.Ct. at 1221). In this case, we believe that "[t]he words, structure, and history of the [Act] clearly reveal that Congress intended" to authorize the Board to award attorney fees to a FSO who prevails in an action under

---

the U.S. Code may make an election to proceed under one statute or the other.

**3.** Section 610(a)(1) grants the Secretary of State or other agency head the authority to "separate any member from the Service for such cause as will promote the efficiency of the Service." Section 610(a)(2) provides that certain categories of members of the Foreign Service

shall not be separated from the Service under this section until the member has been granted a hearing before the Foreign Service Grievance Board and the cause for separation established at such hearing, unless the member waives in writing the right to a hearing. The hearing provided under this paragraph shall be in accordance with the hearing procedures applicable to grievances under section 4136 of this title [§ 1106 of the Act] and shall be in lieu of any other administrative procedure authorized or required by this or any other law.

Section 610(a)(2) was amended on December 22, 1987. *See* note 14 *infra*.

**4.** Section 1107(b)(3), 22 U.S.C. § 4137(b)(3), authorizes the Board to direct the agency "to retain in the Service a member whose separation would be in consequence of the matter by which the member is aggrieved."

section 610(a). *United Food & Commercial Workers*, 108 S.Ct. at 421. However, even if we were somehow to find the Act "silent or ambiguous with respect to the specific issue," *Chevron U.S.A. v. Natural Resources Defense Council*, 467 U.S. 837, 843, 104 S.Ct. 2778, 2782, 81 L.Ed.2d 694 (1984), we would still reject the Board's construction because it is not "rational and consistent with the statute." *United Food & Commercial Workers*, 108 S.Ct. at 421. In either event, the judgment of the District Court upholding the Board's decision cannot stand.[5]

### B. *Section 610(a)(2) as a Grievance Proceeding*

■ The correct construction of section 610(a)(2), *see* note 3 *supra,* is readily apparent when it is placed in the context of federal personnel policies generally. The requirement that cause must be established at a hearing *before* an employee may be removed is the exception rather than the norm in the federal service. The roughly comparable Civil Service provision, for example, contains no such requirement. *See* 5 U.S.C. § 7513 (1982).[6] From this perspective, it seems apparent that the principal purpose of section 610(a)(2) is to specify the *timing* of the FSO's grievance proceeding in relation to his separation from the Service. The import of this section is to guarantee the FSO—who is already entitled to a hearing under the grievance procedures outlined in sections 1101–1110—that he can be separated only *after* the grievance hearing has been held and cause for separation established. Thus, the hearing referred to

in section 610(a)(2) is simply the grievance hearing itself, rather than some separate hearing procedure.

This reading is fully consistent with the language of the statute, which states that the FSO "shall not be separated from the Service under this section [*i.e.,* for cause] until the member has been granted a hearing before the Foreign Service Grievance Board and the cause for separation established at such hearing...." *See* note 3 *supra.* The requirements that the hearing be before the Foreign Service Grievance Board and that the grievance procedures of section 1106 be applied reinforce the interpretation that what is at issue here *is a grievance proceeding.*

Nor does the section's final clause compel a different result, as the District Court believed. The legislative history of section 610(a) makes quite clear the purpose of the statement that "[t]he hearing provided under this paragraph ... shall be in lieu of any other administrative procedure authorized or required by this or any other law." That provision was added by the Foreign Service Act of 1980, Pub.L. No. 96–465, 94 Stat. 2071, 2098.[7] The Senate committee report makes plain that this language was intended to "avoid[ ] the potential of duplicate hearings for those few members who may also have access to the Merit Systems Protection Board." S.REP. No. 913, 96th Cong., 2d Sess. 56, *reprinted in* 1980 U.S. CODE CONG. & ADMIN.NEWS 4419, 4473.[8] It in no way suggests that the hearing provided by this section is not a grievance proceeding.

---

5. We do not accord any particular deference to the decision of the District Court where, as here, "the District Court and this court are both reviewing an administrative record, and no additional testimony was taken in the District Court...." *Walter O. Boswell Memorial Hosp. v. Heckler*, 749 F.2d 788, 790 n. 2 (D.C.Cir.1984).

6. Section 7513 guarantees the employee notice and an opportunity to respond, as well as a "written decision" at "the earliest practicable date." An agency may—but is not required to—provide for a hearing, and in any case the employee is guaranteed the right to appeal and obtain a hearing before the Merit Systems Protection Board. *See* 5 U.S.C. §§ 7513(d), 7701.

Nothing, however, requires that the hearing be held and "cause" established *before* the employee is "removed."

7. The comparable section under the Foreign Service Act of 1946, codified as 22 U.S.C. § 1007(a) (1976), contained no such provision.

8. The effect of this provision is to limit section 1109(b), 22 U.S.C. § 4139(b), which permits an election of remedies between the two statutes. The final clause of section 610(a)(2) requires that separation-for-cause cases proceed only through the Foreign Service grievance procedure.

If section 610(a)(2) merely specifies that the FSO's grievance must be heard and decided prior to termination, then there is nothing at all in the statutory scheme that makes the separation-for-cause action anything other than a grievance proceeding within the meaning of section 1101.[9] In particular, the exclusion in section 1101(b)(4) of complaints "where a specific statutory hearing procedure exists" has no application whatever, for the "hearing procedure" of section 610(a)(2) is simply the grievance procedure itself.[10]

## C. *The Board's Construction*

The Board's contrary construction of section 610(a)(2), and other relevant provisions of the Act, cannot withstand scrutiny. The Board's interpretation produces incoherencies in the Act and would entail several anomalies. First, a FSO would be eligible for attorney fees when contesting a broad range of personnel issues, from the most minor working condition up through disciplinary suspension—but excluding only the most severe action of separation for cause. It is difficult to imagine any reason why Congress would have ordained such an arrangement.[11]

Second, the Board's view that a separation-for-cause action is not a grievance proceeding would deprive the FSO not only of the right to attorney fees, but to *any* of the remedies provided by section 1107(b). In addition to awarding attorney fees, the Board is also given authority under that section to order the employing agency to correct personnel records, to reverse denials of compensation and benefits, to retain a member in the Service who would otherwise be separated, to reinstate a grievant and provide back pay, and to take other remedial action pursuant to labor-manage-

---

**9.** There is little in the legislative history of section 1101 to aid in its interpretation. The impetus for the legislation establishing the grievance procedure came from the Senate, whose original bill specifically included "separation for cause" among its examples of grievances. The bill also lacked any exception comparable to that of current section 1101(b)(4). *See* S.Rep. No. 337, 94th Cong., 1st Sess., pt. 2, at 15 (1975). The House bill contained no grievance section at all. The conference committee substituted new language, quite similar to that presently in effect, which had apparently been worked out in negotiations between the Department of State and the American Foreign Service Association. *See* H.R.Conf.Rep. No. 660, 94th Cong., 1st Sess. 30–31, *reprinted in* 1975 U.S.Code Cong. & Admin. News 1412, 1422; Pub.L. No. 94–141, 89 Stat. 756, 765–66 (1975). The legislative history provides no information on the considerations that underlay the drafting of the new language or the decision to substitute it for the Senate version.

**10.** It is true that the separation-for-cause hearing procedure has not always been a "grievance" procedure, because the predecessor of section 610 antedated the establishment of a grievance procedure for the Foreign Service. The Foreign Service Act of 1946, as amended, contained a provision roughly parallel to that of section 610(a). *See* 22 U.S.C. § 1007(a) (1976). The hearing it mandated was to be conducted by the Board of the Foreign Service. *Id.* The Foreign Service grievance procedure was established only in 1975, through the 1976 Foreign Relations Authorization Act, Pub.L. No. 94–141, 89 Stat. 756, 765–70 (1975). Under section 610(a)

of the Foreign Service Act of 1980, the separation-for-cause hearing was transferred to the Foreign Service Grievance Board, which had been established by the 1975 legislation. Pub.L. No. 96–465, 94 Stat. 2071, 2098 (1980). The Senate committee report explained the change as follows:

> [T]he provision specifies that the Foreign Service Grievance Board will conduct hearings under this section. That Board, which did not exist when the 1946 act was enacted, is the best qualified body to adjudicate these cases. The Board of the Foreign Service has heretofore performed this function in an advisory capacity to the Secretary of State.

S.Rep. No. 913, 96th Cong., 2d Sess. 56, *reprinted in* 1980 U.S.Code Cong. & Admin.News 4419, 4473.

While initially the separation-for-cause provision did create a statutory procedure of its own, the most logical interpretation of the 1980 Act is that, by transferring the hearing to the Foreign Service Grievance Board and specifying that the grievance procedures of section 1106 were to apply, Congress intended to incorporate the separation-for-cause hearing into the recently established grievance mechanism—while at the same time maintaining the prohibition on separating a FSO before the hearing procedure had been completed.

**11.** Ascription to Congress of such an intent makes even less sense in view of the explicit mention of "separation" as the first example of a "grievance" subject in the statutory definition. 22 U.S.C. § 4131(a)(1)(A). Had Congress intended to exclude the important subset of separation-for-cause cases from this definition, it would surely have done so explicitly.

ment agreement. 22 U.S.C. § 4137(b).[12] The Board's construction would also call into question the District Court's jurisdiction to review separation-for-cause actions under the Act's judicial review provision in section 1110, which speaks of review of actions by the Board "on any *grievance.*" 22 U.S.C. § 4140 (emphasis added).

At oral argument, counsel for the Government attempted to avoid these consequences by articulating a theory under which a FSO prevailing in a separation-for-cause hearing could gain access to the remedies of section 1107(b) by subsequently filing a separate "grievance." Once again, it is difficult to discern any reason why Congress would have intended such a cumbersome and duplicative procedure. What is more, under this bifurcated procedure the secondary proceeding would be a "grievance," but the initial separation-for-cause action would not. Thus, the *heart* of the dispute—the very issue on which the outcome turned—would be removed from the "grievance." The FSO could, accordingly, recover attorney fees for his lawyer's work on every issue except the central one of whether separation for cause was justified.[13]

There is no reason to be found—in the words of the Act, its legislative history, or in common sense—to justify a congressional intent to establish a scheme along the lines envisioned by Government counsel. Absent some plausible explanation, we will not ascribe to Congress a nonsensical answer to the problem before us, especially when there is a perfectly rational construction of the statute at hand.

CONCLUSION

We conclude that a separation-for-cause action under section 610(a)(2) is a "grievance," as that term is defined in section 1101. Even if it could be said that "Congress has not directly addressed [this] precise question ...," *Chevron*, 467 U.S. at 843, 104 S.Ct. at 2782, the Board's construction falls far short of being "rational and consistent with the statute." *United Food & Commercial Workers*, 108 S.Ct. at 421.

■ Since the action in which the appellant prevailed was a "grievance," the Board has the authority pursuant to section 1107(b)(5) to order an award of attorney fees if the criteria set forth in 5 U.S.C. § 7701(g) are met.[14]

---

**12.** The District Court, slip op. at 6 n. 5, App. 8, was mistaken in believing that the Board had residual authority to take such remedial action under section 1007(c)(2)(E), 22 U.S.C. § 4107(c)(2)(E). That section deals with the competencies of the Foreign Service Labor Relations Board, not the Foreign Service Grievance Board.

**13.** In fact, it is difficult to see how the issues could be separated, since the FSO could prevail on the remedies only by showing that the attempted separation was wrongful.

**14.** Two months before oral argument in this case, Congress clarified the Board's authority to award attorney fees in a case of this kind. In the 1988–89 Foreign Relations Authorization Act, Pub.L. No. 100–204, § 181(d), 101 Stat. 1331, 1364 (1987), Congress made clear that the Board does have such authority, by adding the following after the first sentence of section 610(a)(2):

> If such cause is not established at such hearing, the Grievance Board shall have the authority to direct the Department to pay reasonable attorneys fees to the extent and in the manner provided by section 1107(b)(5) of this Act.

This amendment was made effective prospectively, for grievances decided after December 22, 1987 (the date of enactment of the amendment).

We do not view this enactment as in any manner controlling in deciding the law applicable to this case. Its legislative history is ambiguous. On one hand, the congressional committee reports implied that a change was being made in existing law. *See* H.R.REP. No. 34, 100th Cong., 1st Sess. 26 (1987); S.REP. No. 75, 100th Cong., 1st Sess. 29 (1987). On the floor of the House, however, two of the principal architects of the amendment stated that the enactment "would confirm the original intent of Congress in passing the Foreign Service Act that attorneys fees be awarded to a Foreign Service officer in appropriate circumstances in a separation-for-cause hearing." 133 CONG.REC. H5002 (daily ed. June 16, 1987) (statement of Rep. Broomfield); *see also id.* at H5004 (statement of Rep. Dymally).

In any case, we decline to take such statements as authoritative in construing a law passed seven years previously. "[T]he views of a subsequent Congress form a hazardous basis for inferring the intent of an earlier one." *United States v. Price*, 361 U.S. 304, 313, 80 S.Ct. 326, 332, 4 L.Ed.2d 334 (1960).

We therefore reverse the decision of the District Court and remand so that the case may be returned to the Board for further proceedings consistent with this opinion.

*So ordered.*