Harvey NEEDLE, et al., Appellants,

v.

Michelle HOYTE, et al., Appellees.

No. 93–CV–299.

District of Columbia Court of Appeals.

Argued June 10, 1994.
Decided July 25, 1994.

Allen V. Farber, with whom James A. Barker, Jr., Washington, DC, was on the brief, for appellants.

John E. Scheuermann, Washington, DC, for appellees.

Before WAGNER, Chief Judge,* and FARRELL and KING, Associate Judges.

WAGNER, Chief Judge:

Appellees, the heirs and co-personal representatives of the estate of Alfred F. Hoyte, deceased, (hereinafter referred to as the Hoytes) filed an action in the trial court to quiet title and for declaratory and injunctive relief against appellants (hereinafter the trustees), the beneficiaries and the trustees of certain deeds of trust on the Hoyte family home at 7734 Sixteenth Street, N.W., Washington, D.C. The trial court (Judge George Mitchell) granted a temporary restraining order enjoining the trustees from foreclosing upon the subject real property. Subsequently, the trial court (Judge George Goodrich) granted a preliminary injunction precluding the trustees from foreclosing. In granting the preliminary injunction, the trial court concluded that it was likely that the Hoytes would succeed on the merits of their claim because it determined that the law of the District of Columbia controlled and that the interest terms of the trustees' deed of trust are usurious. Thereafter, the parties filed cross motions for partial summary judgment. Adopting the rationale of Judge Goodrich, the trial court (Judge Robert A. Shuker) granted partial summary judgment for the Hoytes and decreed the amount of the lien of the deed of trust and awarded attorney's fees to the Hoytes, subject to further documentation. The trial court certified the partial summary judgment in favor of the Hoytes as a final order pursuant to Super.Ct.Civ.R. 54(b), and the trustees timely noted an appeal.[1] The trustees argue that the interest rate in the deed of trust is not usurious under the law of the state of Maryland which should apply. Alternatively, they argue that

even assuming the applicability of District of Columbia law, the statute and regulation in effect at the relevant time exempted the deed of trust from the usury provisions. We agree with appellants' alternative argument, and therefore we reverse.

I.

The material facts are not in dispute. On November 30, 1978, Alfred F. Hoyte executed the promissory note and a second deed of trust, which is the subject of the present challenge, in favor of Anthony Burgwald and James Johnson or assigns. Hoyte executed both documents in Silver Spring, Maryland, and a Maryland notary notarized the deed of trust. Both the note and the deed of trust contain the following language:

> It is stipulated by the parties hereto that this is a Commercial Loan in excess of $5,000.00 as defined by Regulation 74–21 Title III Section 301 of the District of Columbia.

The note authorized any "Justice of the Peace, or Clerk of any Court of Record in Maryl[and] or elsewhere" to enter judgment by confession.

Although Hoyte actually borrowed $46,000 from Burgwald and James Johnson, the principal amount of the note is $57,500 bearing interest at the rate of 10 percent, with an acceleration provision in case of default at the rate of 20 percent per annum on the unpaid balance. The difference between the face amount of the note and the actual loan amount represents a discount fee of $11,500, which the parties agree is, in fact, interest. The note is for a two-year period with an option to extend the maturity date for an additional two years upon payment of an extension fee of 25 percent of the principal balance. The deed of trust makes reference to the execution of the promissory note, the indebtedness of $57,500, and the interest rate of ten percent, but it does not incorporate the note.

* Judge WAGNER was an Associate Judge of this court at the time of argument. Her status changed to Chief Judge on June 14, 1994.

1. Appellants, Harvey Needle and Walter A. Herbert, Jr., were substituted as parties for Anthony Burgwald. Appellant, Richard Johnson, is the assignee of James Johnson.

Hoyte died in 1986, having made payments in the amount of $9,200. After notice of foreclosure, the Hoytes filed this action alleging that the note and deed of trust were usurious. They contended that the rate of interest exceeded the legal limits imposed by District of Columbia law and that enforcement of the deed of trust was barred to the extent that any balance included usurious sums.[2] In granting partial summary judgment, the trial court decreed that the amount of the lien for the deed of trust is $36,800 (on a principal sum of $46,000 less payments of $9,200).

## II.

The decision of the trial court granting summary judgment can be affirmed only if there are no genuine issues of material fact and, upon the facts, the moving party is entitled to judgment as a matter of law. *Cooke v. Griffiths–Garcia Corp.*, 612 A.2d 1251, 1255 (D.C.1992); *Williams v. Gerstenfeld*, 514 A.2d 1172, 1175–76 (D.C.1986). The facts pertinent to our review are not disputed, and the trustees challenge solely the application and interpretation of the law relied upon by the trial court in granting the motion. On the other hand, the Hoytes argue that the trial court properly relied upon, and applied, the law of the District of Columbia in deciding the case.

The trustees argue that the trial court erred in applying District of Columbia law in determining the usury issue because the statute, by its plain language, covers only contracts made in the District of Columbia, while the deed of trust was executed in the state of Maryland.[3] We need not resolve whether District or Maryland law is controlling because the result is the same under the law of either jurisdiction. We conclude that in 1978, the law of the District exempted the transaction involved in this case from the usury ceiling.

The usury statute in effect in the District on November 30, 1978 provided:

> Except as otherwise provided ... the parties to an instrument in writing for the payment of money at a future time may contract therein for the payment of interest on the principal amount thereof at a rate not exceeding 8 percent per annum.

D.C.Code § 28–3301 (1973). The District of Columbia Council was authorized to provide for exemptions from the provision for certain loans and financial transactions by regulation. D.C.Code § 28–3309 (1973). Pursuant to that authority, the Council enacted a regulation which exempted loans and financial transactions having an original principal amount exceeding $5,000 for individual borrowers if the loan was made "for the purpose of acquiring or carrying on a business, professional, or commercial activity," "[n]otwithstanding any other provision of the regulation...." Regulation Establishing Interest Rates for Certain Loans, Regulation 74–21, title III, § 301, 21 D.C.Reg. 255 (1974) (hereinafter Regulation 74–21).[4] It is undisputed that the loan was made to Hoyte for commer-

---

2. It is undisputed that enforcement of the note is barred by the statute of limitations. This action involves only the enforcement of the deed of trust.

3. At the time of the execution of the deed of trust in 1978, the statute read in pertinent part as follows:

> Usury defined. If a person or corporation contracts in the District,
> (1) verbally, to pay a greater rate of interest than 6 percent per annum, or
> (2) in writing, to pay a greater rate than is permitted under section 28–3301 or 28–3308 or under chapter 36 of this subtitle, the creditor shall forfeit the whole of the interest so contracted to be received.

D.C.Code § 28–3303 (1973); *see also Finance America Corp. v. Moyler*, 494 A.2d 926, 928 (D.C. 1985).

4. Regulation 74–21 reads in pertinent part as follows:

> Section 301. Notwithstanding any other provision of this regulation, any loan having an original principal amount of $5,000.00 shall not be subject to the provisions of Title 28, Chapter 33 of the District of Columbia Code, and it shall be lawful to contract for, or receive any rate of interest thereon, if any of the following conditions are satisfied:
>
> \* \* \* \* \* \*
>
> (b) the borrower is an individual, group of individuals, corporation, unincorporated association, partnership, or any other entity, and the loan is made for the purpose of acquiring or carrying on a business, professional, or commercial activity....

cial purposes. However, because the commercial loan to Hoyte was secured by a deed of trust on residential property, the Hoytes argue that the transaction is not covered by the exemption under section 301. In support of the argument, the Hoytes point out that other sections of the regulations, specifically sections 101 and 201, expressly cover loans to individuals secured by deeds of trust on residential real property, while any similar reference is omitted from section 301.[5]

 We are unpersuaded by the Hoytes' argument because the plain language of the statute exempts without qualification loans for commercial purposes in excess of $5,000. When the language of a statute is plain and unambiguous, we look to its plain meaning in order to interpret it. *Riggs Nat'l Bank v. District of Columbia*, 581 A.2d 1229, 1235 (D.C.1990); *see also Varela v. Hi-Lo Powered Stirrups, Inc.*, 424 A.2d 61, 65 (D.C. 1980) (en banc). "A statute must be interpreted consistent with its plain meaning when its language is clear." *In re W.L.*, 603 A.2d 839, 842 (D.C.1991); *Peoples Drug Stores v. District of Columbia*, 470 A.2d 751, 753 (D.C.1983) (en banc). The statute could not reflect more clearly that the pertinent section was intended to stand apart from, and override, any other section to the contrary. *See Illinois Nat'l Guard v. Federal Labor Relations Auth.*, 272 U.S.App.D.C. 187, 194, 854 F.2d 1396, 1403 (1988) (quoting *New Jersey Nat'l Guard v. Federal Labor Relations Auth.*, 677 F.2d 276, 283 (3d Cir. 1982)); *see also Winters v. Ridley*, 596 A.2d 569, 573 (D.C.1991) (per curiam) (Schwelb, J., concurring). The words used unambiguously state that "[n]otwithstanding any other provision of the regulation," commercial loans in excess of $5,000 "shall" be exempt from the usury ceiling. This language makes clear that any other provision shall not limit the exemption contained in this section.

 The Hoytes argue that a subsequent amendment to the regulation which allowed commercial purpose loans to be secured by residential real property in explicit terms supports the conclusion that prior law did not. In considering this argument, we are mindful that where, as here, the " 'words are free from doubt[,] they must be taken as the final expression of the legislative intent, and are not to be added to or subtracted from by considerations drawn . . . from any extraneous source.' " *Varela, supra*, 424 A.2d at 65 (quoting *Caminetti v. United States*, 242 U.S. 470, 490, 37 S.Ct. 192, 196, 61 L.Ed. 442 (1917) (citations omitted)). Even when subsequent legislation is considered in interpreting prior legislation on the same subject, we have heeded the admonition of the Supreme Court which stated that " '[T]he views of a subsequent Congress form a hazardous basis for inferring the intent of an earlier one.' " *McIntosh v. Washington*, 395 A.2d 744, 750–51 n. 12 (D.C.1978) (quoting *United States v. Price*, 361 U.S. 304, 313, 80 S.Ct. 326, 332, 4 L.Ed.2d 334 (1960)). Moreover, the legislative history of the 1979 amendment indicates that it was intended to clarify existing law, not change it. *See* REPORT OF THE COUNCIL OF THE DISTRICT OF COLUMBIA COMMITTEE ON EMPLOYMENT AND ECONOMIC DEVELOPMENT ON BILL 2–294, at 11 (July 26, 1978), D.C.Law 2–140 (hereinafter Committee Report).[6]

---

5. Sections 101 and 201 of Regulation 74–21 provide for exemptions of certain other loans as follows:

 Section 101: certain loans which are negotiable on their face, secured by a first mortgage or deed of trust on residential real property.
 Section 201: certain loans charging interest at the rate of 11–½% or less secured by a mortgage or deed of trust other than a first mortgage or deed of trust on residential real property.

6. A new section was added to the regulations which provided as follows:

 Any loan[ ] identified in Section 301 of Title III which is secured directly or indirectly by a mortgage or deed of trust, whether it be first, second or other, on residential real property shall come within the exemptions contained in Section 301.

 Interest Rate Extension and Modification Act of 1978, D.C.Law 2–140, 25 D.C.Reg. 5473 (1978). In the section-by-section analysis, the committee which reported on the bill stated its reasons for the amendment as follows:

 It has been brought to the attention of the Committee that language contained in Sections 201 and 301 of Titles 2 and 3 of Regulation 74–21 contain an ambiguity which causes attorneys concern and which has not been resolved by the Courts (See Attachment C).**

 This section amends the law to clarify that Section 201 and 101 do not apply to the exemptions contained in section 301, namely that a loan for a commercial purpose, or as otherwise defined in section 301, which loan is in

Therefore, even if we were to look to subsequent enactments to assist with the interpretation of the applicable law, and we find no reason to do so in this case because of the clarity of the statute, the subsequent legislation does not support the Hoytes' position.

### III.

Accordingly, the order of the trial court granting partial summary judgment is reversed, and the case remanded for the trial court to vacate that judgment, including the award of attorney's fees to the Hoytes, and for further proceedings consistent with this opinion.

---

excess of $5,000 [] may be secured by a deed of trust upon residential property and shall be exempt from the usury ceilings.

** Attachment C was a letter from an attorney suggesting an amendment for the purpose of clarification.
Committee Report, at 13.