JANE DOE NO. 8, Plaintiff,

v.

ROYAL CARIBBEAN CRUISES, LTD., Defendant.

Case No. 11–21713–Civ.

United States District Court, S.D. Florida.

March 12, 2012.

Adam D. Horowitz, Jessica Dawn Arbour, Stuart S. Mermelstein, Mermelstein & Horowitz PA, Miami, FL, for Plaintiff.

Curtis Jay Mase, Lauren E. DeFabio, Leah H. Martinez, Valentina M. Tejera, Mase, Lara, Eversole PA, Miami, FL, for Defendant.

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS

KATHLEEN M. WILLIAMS, District Judge.

This MATTER is before the Court on Defendant Royal Caribbean Cruises, Ltd.'s ("RCL") Motion to Dismiss Counts Four and Five of the Amended Complaint [D.E. 38], Plaintiff Jane Doe No. 8's ("Doe")

Response [D.E. 48], and RCL's Reply [D.E. 53].

## I. BACKGROUND

This action arises out of the alleged sexual assault of Doe while she was a 17-year old passenger aboard an RCL cruise ship. In her original Complaint, Doe brought three counts against RCL for: *"respondeat superior*/vicarious liability" for the acts and omissions of Enrico Basile, an RCL bartender who allegedly served Doe dangerous amounts of alcohol (Count One); *"respondeat superior*/vicarious fiability" for the actions of Francisco Pineda Adames, an RCL entertainer who allegedly committed the sexual assault (Count Two); and negligence for generally failing to protect Doe from its employees (Count Three). Doe alleged that, as a common carrier, RCL was strictly liable for the acts of its employees.

In her Amended Complaint, Doe added Counts Four and Five, pursuant to 18 U.S.C. § 2255. Originally enacted as part of The Child Abuse Victims' Rights Act of 1986, Pub.L. No. 99–500, 100 Stat. 1783,

§ 703(a), section 2255 provides a federal civil cause of action to minors who are victims of enumerated crimes involving sexual abuse, molestation, and exploitation. In its current form, the statute provides:

> Any person who, while a minor, was a victim of a violation of section 2241(c), 2242, 2243, 2251, 2251A, 2252, 2252A, 2260, 2421, 2422, or 2423 of this title and who suffers personal injury as a result of such violation, regardless of whether the injury occurred while such person was a minor, may sue in any appropriate United States District Court and shall recover the actual damages such person sustains and the cost of the suit, including a reasonable attorney's fee. Any person as described in the preceding sentence· shall be deemed to have sustained· damages of no less than $150,000 in value.

18 U.S.C. § 2255(a).

In Count Four, Doe alleges that Pineda Adames violated 18 U.S.C. §§ 2251(c) and 2252(a)(4)(A) by possessing, and participating in the taking of, eight sexually explicit photographs of her.[1] [D.E. 35 ¶¶ 64–75]. In Count Five, Doe alleges that Pineda

---

1. Section 2251(c) provides in pertinent part: (1) Any person who, in a circumstance described in paragraph (2), employs, uses, persuades,· induces, entices, or coerces any minor to engage in, or who has a minor assist any other person to engage in, any sexually explicit conduct outside of the United States, its territories or possessions, for the purpose of producing any visual depiction of such conduct, shall be punished as provided under subsection (e). (2) The circumstance referred to in paragraph (1) is that— (A) the person intends such visual depiction to be transported to the United States, its territories or possessions, by any means, including by using any means or facility of interstate or foreign commerce or mail; or (B) the person transports such visual depiction to the United States, its territories

or possessions, by any means, including by using any means or facility of interstate or foreign commerce or mail. 18 U.S.C. § 2251(c). Section 2252(a)(4)(A) provides in pertinent part: Any person who ... in the special maritime and territorial jurisdiction of the United States ... knowingly possesses, or knowingly accesses with intent to view, 1 or more books, magazines, periodicals, films, video tapes, or other matter which contain any visual depiction ... if (i) the producing of such visual depiction involves the use of a minor engaging in sexually explicit conduct; and (ii) such visual depiction is of such conduct; shall be punished as provided in subsection (b) of this section. 18 U.S.C. § 2252(a)(4)(A).

Adames violated 18 U.S.C. § 2242(b) by inducing Doe to participate in sexual activities, including the taking of sexually explicit photographs.[2] [*Id.* ¶¶ 76–82]. In both counts, Doe alleges that, as a common carrier, RCL is strictly liable for the actions of Pineda Adames. [*Id.* ¶¶ 73, 80]. RCL now moves to dismiss Counts Four and Five on the ground that § 2255 provides a cause of action only against the criminal offender-in this case, Pineda Adames.[3]

## II. DISCUSSION

"As always with questions of statutory interpretation, [the Court's] inquiry begins with the plain language of the statute." *United States v. Townsend*, 630 F.3d 1003, 1010 (11th Cir.), *cert. denied,* —— U.S. ——, 131 S.Ct. 2472, 179 L.Ed.2d 1233 (2011). In this case, the plain language of § 2255 provides only that a minor victim of enumerated sex offenses "may sue in any appropriate" district court; the statute does not specify against whom that lawsuit may be brought. Because the text of § 2255 is silent on that issue, the Court must employ traditional canons of statutory construction. *See Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1204 (11th Cir.2007) ("When the meaning of statutory language cannot be divined from the face of the statute, [the Court] turn[s] first to intrinsic aids to interpretation.").

Particularly relevant here is the well-established canon of construction that "[s]tatutes which invade the common law or the general maritime law are to be read with a presumption favoring the retention of long-established and familiar principles, except when a statutory purpose to the contrary is evident." *Isbrandtsen Co. v. Johnson*, 343 U.S. 779, 783, 72 S.Ct. 1011, 96 L.Ed. 1294 (1952). "In such cases, Congress does not write upon a clean slate. In order to abrogate a common-law principle, the statute must 'speak directly' to the question addressed by the common law." *United States v. Texas*, 507 U.S. 529, 534, 113 S.Ct. 1631, 123 L.Ed.2d 245 (1993) (citations omitted); *see United States v. Baxter Int'l, Inc.*, 345 F.3d 866, 900 (11th Cir.2003) ("We presume that Congress legislates against the backdrop of established principles of state and federal common law, and that when it wishes to deviate from deeply rooted principles, it will say so.").

Squarely applicable to this case is the principle of federal maritime law that a cruise line is strictly liable for a crew member's assault of a passenger. *Doe v. Celebrity Cruises, Inc.*, 394 F.3d 891, 892, 904–13 (11th Cir.2004) (involving sexual assault). Importantly, the Eleventh Circuit did not first announce this principle of law in *Doe v. Celebrity Cruises*, Rather, it recognized there that this principle had been clearly established by two Supreme Court decisions from the late 19th century, and those decisions remained binding precedent. *See id.* at 913 ("For the reasons we have detailed at some length, we conclude

2. Section 2242(b) provides in pertinent part: Whoever ... within the special maritime and territorial jurisdiction of the United States knowingly persuades, induces, entices, or coerces any individual who has not attained the age of 18 years, to engage in ... any sexual activity for which any person can be charged with a criminal offense, or attempts to do so, shall be fined under this

title and imprisoned not less than 10 years or for life.
18 U.S.C. § 2242(b).

3. RCL does not argue that Pineda Adames' alleged conduct did not violate the enumerated criminal offenses cited by Doe.

that the defendants owe a non-delegable duty to protect their passengers from crew member assaults ..., that the Supreme Court's decisions in [*New Jersey Steam-Boat Co. v. Brockett*, 121 U.S. 637, 7 S.Ct. 1039, 30 L.Ed. 1049 (1887) and *New Orleans & N.E.R. Co. v. Jopes,* 142 U.S. 18, 12 S.Ct. 109, 35 L.Ed. 919 (1891)] remain binding precedent ..., and thus that the district court did not err in concluding that the defendants are strictly liable for crew member assaults on their passengers during the cruise.")Thus, absent a clear statutory purpose to the contrary, this Court must presume that Congress intended to incorporate this long-standing principle of federal maritime law when enacting § 2255.

In an effort to identify such a contrary purpose, RCL points to the "canon of statutory construction that the words of a statute must be read in their context and with a view to their place in the overall statutory scheme." *Davis v. Mich. Dep't of Treasury,* 489 U.S. 803, 809, 109 S.Ct. 1500, 103 L.Ed.2d 891 (1989). Specifically, RCL argues that, because the predicate criminal offenses punish only the criminal offender, the "obvious purpose [of § 2255] is to allow the alleged victim to bring a civil suit for damages against [only] the alleged criminal offender." [D.E. 53 at 2–4]. The Court disagrees. Although the predicate criminal offenses may be designed to punish the criminal offender, § 2255 is designed for a different purpose—namely, to compensate the victim. And because the predicate criminal offenses and § 2255 are designed for different purposes, it does not follow that there must be symmetry in liability. In fact, the broad remedial purpose of § 2255—prescribing a minimum amount of statutory damages—would appear to counsel against limiting the scope of civil liability. At the very least, the Court cannot say that the statute "speaks directly" to the issue so as to overcome the presumption that Congress intended to incorporate long-standing principles of federal maritime law.

■ Further supporting this statutory interpretation is the canon of construction that courts may not add or subtract words from a statute. *Friends of Everglades v. So. Fla. Water Mgmt. Dist.,* 570 F.3d 1210, 1224 (11th Cir.2009). Again, the text of § 2255 provides only that minor victims of certain crimes "may sue in any appropriate United States District Court." 18 U.S.C. § 2255(a). RCL, however, effectively asks this Court to re-write the statute by inserting (after "may sue") the words "the offender" or "the perpetrator." Had Congress intended to limit liability in this respect, it could have done so by including such qualifying language in the statute. In fact, Congress has included such qualifying language in other causes of action that are similarly based on a violation of a criminal provision. *See, e.g.,* 18 U.S.C. § 1595(a); *id.* § 2520(a); 50 U.S.C. § 1810; *id.* § 1828.

■ RCL counters by pointing to the legislative history. However, the law in this Circuit is that a court may not consider legislative history where, as here, canons of construction resolve the statutory issue. *See Shotz v. City of Plantation, Fla.,* 344 F.3d 1161, 1167 (11th Cir.2003) ("If the statutory language is not entirely transparent, we employ traditional canons of construction before reverting to legislative history ....") (citation omitted); *CBS Inc. v. PrimeTime 24 Joint Venture,* 245 F.3d 1217, 1225 (11th Cir.2001) ("[W]here the meaning of a statute is discernible in light of canons of construction, we should not resort to legislative history or other

extrinsic evidence.") (footnote omitted); *see also Polycarpe v. E & S Landscaping Serv., Inc.*, 616 F.3d 1217, 1224 (11th Cir. 2010) ("not[ing] that severe problems attend the use of legislative history in statutory interpretation; its analysis is a practice that we seek regularly to avoid").

In any event, the Court finds the statute's legislative history to be inconclusive. This Court has reviewed the Senate Report, S.REP. No. 99–504 (1986), the hearing before the Senate Subcommittee on Juvenile Justice, *Child Abuse Victims' Rights Act: Hearing on S. 985 Before Subcomm. on Juvenile Justice of the S. Comm. on the Judiciary*, 99th Cong. 1 (1985), and related bills and statements made part of the Congressional Record in 1985–86. Despite this review, the Court has not located any discussion of the issue presently before the Court. While the Court has identified a handful of statements suggesting that criminal offenders were the intended targets of the civil cause of action, these statements do not indicate whether such offenders were the only permissible targets.[4] Thus, insofar as the original enactment of § 2255 is concerned, the Court has not found any clear expression of congressional intent to limit liability only to the criminal offender or to otherwise dispense with applicable principles of vicarious liability.

RCL relies on the House Report accompanying subsequent legislation in 1998 that amended § 2255 by adding more predicate criminal offenses. *See* Protection of Children from Sexual Predators Act of 1998, Pub.L. No. 105–314, 112 Stat. 2974, § 605. The House Report discussed that amendment in a single paragraph, the final sentence of which states: "It is the intention of the Committee that only the offender who perpetrated the offense against the minor is liable for damages under this section." H.R.REP. No. 105–557, at *23 (1998), *reprinted in* 1998 U.S.C.C.A.N. 678, 691. Unlike the statements referred to above, this sentence does express an intention to limit liability only to the criminal offender. However, that intention belongs to the 1998 Congress that expanded the predicate criminal offenses, not the 1986 Congress that enacted § 2255. Because it is well-established that "the views of a subsequent Congress form a hazardous basis for inferring the intent of an earlier one," *United States v. Price*, 361 U.S. 304, 313, 80 S.Ct. 326, 4 L.Ed.2d 334 (1960), this Court would "decline to give [this] source[ ] controlling weight." *Reno v. Bossier Parish School Bd.*, 520 U.S. 471, 485, 117 S.Ct. 1491, 137 L.Ed.2d 730 (1997). In fact, this sentence contained in the House Report serves to highlight that Congress, despite its apparent awareness of the issue, did not amend the statute accordingly. In this respect, the Court further notes that Congress amended § 2255 for a second time in 2006, but it again did not limit liability to the criminal offender. *See* Adam Walsh Child Protection and Safety Act of 2006, Pub.L. No.

---

**4.** The court in *Doe v. Liberatore*, 478 F.Supp.2d 742 (M.D.Pa.2007) relied on three such statements to conclude that only the criminal offender could be held liable under § 2255. See *id.* at 755. In addition to finding these statements inconclusive, the Court declines to adopt *Liberatore's* conclusion in this case because: the court in *Liberatore* did not employ canons of statutory construction; the facts in *Liberatore* did not implicate a long-standing principle of federal maritime law; and the court in *Liberatore* relied heavily on *Smith v. Husband*, 376 F.Supp.2d 603, 610–13 (E.D.Va.2005), which held only that a criminal conviction was not required to trigger liability under § 2255, but did not address whether civil liability was limited only to the criminal offender.

109–248, 120 Stat. 587, § 707 (Masha's Law).

## III. CONCLUSION

■ In sum, the text of § 2255 is silent about the scope of liability. As a result, the law of this Circuit requires this Court to employ canons of statutory construction, and those canons require this Court to presume that Congress intended to incorporate longstanding principles of federal maritime law, including the principle—applicable here—that a cruise line is strictly liable for a crew member's assault of a passenger. Had Congress intended to deviate from that long-standing principle, it could have done so. And, of course, it can do so in the future. But the Court must conclude that, as currently drafted, § 2255 does not preclude Doe from seeking to hold RCL liable for Pineda Adames' alleged conduct in this particular case. Accordingly, RCL's motion to dismiss Counts Four and Five of the Amended Complaint is **DENIED.**

## *ORDER DENYING MOTION FOR RECONSIDERATION*

This MATTER is before the Court on Defendant Royal Caribbean Cruises, Ltd.'s ("RCL") Motion for Reconsideration [D.E. 68] of this Court's Order [D.E. 59] denying its motion to dismiss Counts IV and V of the Amended Complaint [D.E. 35]. Plaintiff Jane Doe No. 8 has filed a Response [D.E. 71], and RCL has filed a Reply [D.E. 75].

## I. LEGAL STANDARD

RCL files its motion pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, [D.E. 68 at 2], which authorizes "motion[s] to alter or amend a judgment."

Although this Court has not entered a judgment in this case, the Court will assume that the standards governing Rule 59(e) also apply to this Court's non-final Order, as RCL cites no other authority for its motion. *See Region 8 Forest Serv. Timber Purchasers Council v. Alcock,* 993 F.2d 800, 805–06 (11th Cir.1993).

■ "The decision whether to alter or amend a judgment pursuant to Rule 59(e) is committed to the sound discretion of the district judge." *Mincey v. Head,* 206 F.3d 1106, 1137 (11th Cir.2000) (citation omitted). Aside from newly-discovered evidence, which is not applicable here, "[t]he only grounds for granting a Rule 59 motion are ... manifest errors of law or fact." *Arthur v. King,* 500 F.3d 1335, 1343 (11th Cir.2007) (citation and alteration omitted). Significantly, however, it is well-established that a Rule 59(e) motion may not "serve as a vehicle to relitigate old matters or present the case under a new legal theory or to give the moving party another 'bite at the apple' by permitting the arguing of issues and procedures that could and should have been raised prior to judgment." *Mincey,* 206 F.3d at 1137 n. 69 (citation and alterations omitted); *accord Michael Linet, Inc. v. Village of Wellington, Fla.,* 408 F.3d 757, 763 (11th Cir. 2005) ("Linet however cannot use a Rule 59(e) motion to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment."); *Stone v. Wall,* 135 F.3d 1438, 1442 (11th Cir.1998) ("The purpose of a Rule 59(e) motion is not to raise an argument that was previously available, but not pressed."). "Thus, it is not an abuse of the court's discretion to deny a Rule 59(e) motion that ... relates to a matter that could have been raised before the judgment was entered." *Mincey,* 206 F.3d at 1137 n. 69 (citation omitted).

## II. DISCUSSION

RCL's motion for reconsideration runs afoul of this cardinal rule. The arguments presented in RCL's motion for reconsideration either were in fact, or could have been, raised in RCL's motion to dismiss or in the reply brief that it submitted in support of that motion. Following this Court's Order, RCL explained (in its Motion for Trial Continuance) that it intended to file a motion for reconsideration because the application of 18 U.S.C. § 2255 to this case presented a novel issue of first impression, and "researching and assessing the issues has proven complex and time-consuming." [D.E. 67 ¶ 7]. While the Court appreciates that the issue here is novel and complex, the appropriate time for conducting legal research was before and during the briefing period on the motion to dismiss, not after the Court issued its Order resolving that motion. In short, RCL's motion impermissibly attempts to take a "second bite at the apple."

In any event, the Court has reviewed all of the arguments presented in the motion and concludes that RCL has not identified a manifest error of law or fact. The Court will briefly address three main arguments. Relying on *United States v. McGarity*, 669 F.3d 1218 (11th Cir.2012),[1] RCL first argues that § 2255 requires the victim's injuries to be proximately caused by the predicate criminal offenses. However, *McGarity* held only that the criminal restitution statute requires the government to prove that a defendant's possession of child pornography proximately caused a victim's injury. *Id.* at 1265, 1267–70. Moreover, even assuming that § 2255 contains a similar proximate cause require-

ment, that simply begs the question here—namely, whether the victim may sue only the offender who proximately causes the injuries, or whether the victim may also seek to hold a third party vicariously liable for the offender's conduct. In other words, while § 2255 requires that the victim sustain an injury "as a result" of a predicate criminal violation, that causation requirement does not mean that only the criminal offender may be held liable.

Second, RCL appears to argue that the predicate criminal offenses do not constitute sexual assault, thereby rendering inapplicable the statutory presumption that Congress intended to incorporate the long-standing principle of federal maritime law that a cruise line is strictly liable for its crew member's sexual assault of a passenger. *See Doe v. Celebrity Cruises, Inc.*, 394 F.3d 891, 904–13 (11th Cir.2004). However, the alleged conduct in this particular case underlying Counts IV and V involves a crew member coercing an intoxicated minor to engage in sexual conduct, taking (or participating in the taking of) photographs of that conduct, and manipulating the minor's body and clothing while she was half-naked and semi-conscious in order to pose her for photographs. To the extent RCL argues that such alleged conduct does not constitute tortious assault, the Court rejects any such argument outright.

Third, RCL argues that this Court's interpretation of § 2255 invades the common law principle that intent or *mens rea* is generally required for criminal liability. *See Staples v. United States*, 511 U.S. 600, 605, 114 S.Ct. 1793, 128 L.Ed.2d 608 (1994). However, while § 2255 is located in Title 18 of the United States Code, it is not a criminal statute, and RCL is not facing any criminal liability in this civil

---

1. Although *McGarity* was decided over one month before this Court denied RCL's motion to dismiss, and two weeks before RCL submit-ted its reply brief, RCL did not bring it to this Court's attention until the instant motion for reconsideration.

case. Thus, the presumption against strict liability in the criminal context does not apply here. The Court acknowledges RCL's assertion that it would be unduly harsh and punitive to subject an innocent cruise line to severe civil penalties for its crew member's alleged criminal conduct. However, this is a policy argument best addressed to Congress, not this Court, and RCL's role in the incident has yet to be determined.

## III. CONCLUSION

In sum, RCL has failed to meet the high burden required for reconsideration. RCL's motion impermissibly consists of arguments that either were in fact, or could have been, raised during the briefing period on the motion to dismiss. And the Court has reviewed all of the arguments in RCL's reconsideration motion (even those not discussed above) and finds no manifest error of law or fact in this Court's Order.[2] Accordingly, RCL's motion for reconsideration is **DENIED**.

---

**2.** The Court, for example, has already considered (and found inconclusive) the legislative history that RCL cites in its reconsideration motion. And the Court has already considered (and found either unpersuasive or distinguishable) the case law upon which RCL relies.